CONSTITUTIONALITY OF FINANCIAL RESPONSIBILITY ACT T he Oklahoma Financial Responsibility Act is not unconstitutional under the BELL decision. This Act is based on fault and was created for the purpose of providing security from which a judgment might be satisfied in the event one is obtained against the uninsured motorist by a person sustaining damages as the result of an accident. However, procedural due process, as set forth in the BELL decision, requires that there must be provided a forum for a determination of whether there is a reasonable possibility of a judgment being rendered against the uninsured motorist before the suspension becomes effective. The Attorney General has had under consideration your letter dated July 2, 1971, wherein you request an opinion with respect to the constitutionality of Oklahoma's Financial Responsibility Law in light of the recent United States Supreme Court decision interpreting similar Georgia law. Specifically you ask the following questions: "1. Is the Oklahoma law which requires the driver and owner of any uninsured vehicle involved in an accident, regardless of fault, to deposit security with the Department of Public Safety covering the amount of damages in the accident constitutional in light of the Supreme Court's decision in the Georgia case? "2. If the above law is unconstitutional, should this Department: "a. Return the vehicle tags, registration, and driver's license of all persons suspended prior to the Court's decision? "b. Return all security deposits made prior to the Court's decision? "c. Require proof of future responsibility in all cases? "3. If it is determined the law is unconstitutional, can the Department of Public Safety by granting the person a hearing to deter- mine if there is reasonable possibility of a judgment being rendered in a civil action arising out of the accident prior to the suspension of the driver license?" The Oklahoma Financial Responsibility Act is contained in Chapter 7 of Title 47 of the Oklahoma Statutes. 47 O.S. 7-201 [47-7-201] (1970) provides as follows: "The provisions of this chapter, requiring deposit of security, filing of proof of financial responsibility, and suspensions for failure to deposit security or file proof of financial responsibility, subject to certain exceptions, shall apply to the driver and owner of any vehicle of a type subject to registration of the motor vehicle laws of this State which in any manner involved in an accident upon the highways of this State, which accident has resulted in bodily injury to or death of any person or damage to the property of any one person in excess of One Hundred Dollars ($100.00)." (Emphasis added) The Act imposes two requirements on a driver involved in an accident. First, he must deposit with the Department of Public Safety se curity in an amount which the Department deems sufficient to cover potential liability as a result of the accident (Sections 204 and 205, supra); and secondly show proof of financial responsibility for any accident in which the person might be involved in the future (47 O.S. 7-302 [47-7-302] (1961), et seq.). The penalty for failure to make the deposit of security or file proof of financial responsibility for future accidents is contained in 47 O.S. 7-206 [47-7-206] (1970) as follows: "In the event that any person required to deposit security and file proof of financial responsibility under this chapter fails to deposit such security and file such proof of financial responsibility within ten (10) days after the Department has sent the notice as hereinbefore provided, the Department shall thereupon suspend: "(1) the license and all registrations of each driver in any manner involved in the accident; "(2) the license and all registrations of all vehicles owned by the owner on or after the effective date of the suspension order of each vehicle involved in such accident, and any other vehicle thereafter acquired and registered in the name of the owner thereof, of a type subject to registration under the laws of this State; "Such suspensions shall be made in respect to persons required by the Department to deposit security who fails to deposit such security, except as otherwise provided under succeeding sections of this chapter." (Emphasis added) It is noted that the Oklahoma law applies to any driver involved in an accident, and makes no provision for a determination of the respective liability of the parties involved. By simple operation of law, it is possible under the Oklahoma Statutes for a person totally free of legal liability as a result of an accident to still be subject to the penalties prescribed in Section 47 O.S. 7-206 [47-7-206] supra, without any hearing as to prospective liability. The recent United States Supreme Court decision cited as Bell v. Burson, U.S., 29 L.Ed.2d 90, 91 S.Ct. 1586, (May 24, 1971), involved questions of the Georgia Vehicle Safety Responsibility Act which are applicable to Oklahoma. The State of Georgia has a "Motor Vehicle Safety Responsibility Act" which you indicate is closely aligned to that in use in the State of Oklahoma. Without setting out the facts involved in the Georgia decision extensively, it may be summarized that the petitioner was a person who was involved in an automobile accident with a child who rode her bicycle into the side of his automobile thereby injuring the child. The parents of the child filed an accident report with the Georgia Department of Public Safety indicating that their daughter had suffered damages in the amount of $5,000. Thereafter the petitioner was informed that since he did not have liability insurance, he must file with the Georgia Department of Public Safety a bond or cash security in the amount of $5,000 or present a notarized release from liability, plus proof of future financial responsibility, or suffer the suspension of his driver's license and vehicle registration. The petitioner requested an administrative hearing before the Director asserting that he was not liable in the accident and claiming that he would suffer irreparable harm if his license and vehicle registration were canceled. The Georgia Director allowed the petitioner a hearing, but stated under the Georgia law he could not consider the petitioner's evidence as to his freedom from liability in the particular accident involved, thereafter suspending petitioner's license and registration. The petitioner appealed to the Superior Court in Georgia wherein he was given a trial de novo. At that time, the petitioner was permitted to present evidence on liability, and the Superior Court ordered that the license not be suspended at that time. Subsequently, the order of the Superior Court was appealed to the Georgia Court of Appeals which reversed the lower court, and reinstated the Director's order suspending the petitioner's driver license. From that order the petitioner appealed to the United States Supreme Court on the question of the denial of procedural due process under the Georgia Safety Responsibility Statutes. The United States Supreme Court did not declare the Georgia Financial Responsibility Act unconstitutional. It did state as follows: "Before the State may deprive petitioner of his driver's license and vehicle registration it must provide a forum for the determination of the question whether there is a reasonable possibility of judgment being rendered against him as a result of the accident." In the body of the opinion, the Supreme Court indicates what it meant by "provide a forum" which would satisfy the procedural due process requirements of the Fourteenth Amendment. ". . .The inquiry into fault or liability requisite to afford the licensee due process need not take the form of a full adjudication of the question of liability. That adjudication can only be made in litigation between the parties involved in the accident. The only purpose of the provisions before us is to obtain security from which to pay any judgments against the licensee resulting from the accident, we hold that procedural due process will be satisfied by an injury limited to the determination whether there is reasonable possibility of judgments in the amounts claimed being rendered against the licensee." Finally, the United States Supreme Court without specifically requiring the procedure to be taken by Georgia to comply with the holding in the Bell case, does provide some suggestion as to possible solutions. However, the method of selection is left to the State with an admonition by the Supreme Court that: ". . .that the failure of the present Georgia scheme to afford the petitioner a prior hearing on liability of the nature we have defined denied him procedural due process in violation of the Fourteenth Amendment." It is therefore the opinion of the Attorney General that your first question be answered as follows: The Oklahoma Financial Responsibility Act is not unconstitutional under the Bell decision. This Act is based on fault and was created for the purpose of providing security from which a judgment might be satisfied in the event one is obtained against the uninsured motorist by a person sustaining damages as the result of an accident. However, procedural due process, as set forth in the Bell decision, requires that there must be provided a forum for a determination of whether there is a reasonable possibility of a judgment being rendered against the uninsured motorist before the suspension becomes effective. In view of the fact that the Attorney General has held the Oklahoma law constitutional, so long as procedural due process is provided the uninsured motorist, it is the opinion of the Attorney General that questions No. 2 and 3 need not be answered. (Paul C. Duncan)